IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-16-D
No. 5:16-CV-273-D

| | |
|---|---|
| WESLEY RUSSELL FULLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 17, 2016, Wesley Russell Fuller ("Fuller") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 132-month sentence [D.E. 20]. On July 15, 2016, the government moved to dismiss Fuller's section 2255 motion [D.E. 24] and filed a memorandum in support [D.E. 25]. On August 8, 2016, Fuller responded in opposition [D.E. 28]. As explained below, the court grants in part and denies in part the government's motion to dismiss and dismisses Fuller's section 2255 motion except for his ineffective-assistance claim concerning trial counsel's alleged failure to file a notice of appeal as directed.

I.

On March 11, 2015, pursuant to a plea agreement [D.E. 10], Fuller pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine. See [D.E. 9]. On June 16, 2015, at Fuller's sentencing hearing, the court calculated Fuller's total offense level to be 33, his criminal history category to be III, and his advisory guideline range to be 168 to 210 months' imprisonment. See [D.E. 19] 1. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Fuller to 132 months' imprisonment. See [D.E. 18] 2. Fuller did not appeal.

On May 17, 2016, Fuller filed his section 2255 motion [D.E. 20]. In his motion, Fuller makes six claims: (1) ineffective assistance of counsel for failing to object at sentencing to a two-level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment and to argue that the enhancement breached the plea agreement; (2) that the enhancement under U.S.S.G. § 3C1.2 is vague and unconstitutional under Johnson v. United States, 135 S. Ct. 2551 (2015); (3) ineffective assistance of counsel for failing to file a motion to suppress and argue that law enforcement officers violated the Fourth Amendment while investigating Fuller; (4) ineffective assistance of counsel for advising Fuller that he could not transfer his firearms to his father instead of forfeiting them; (5) ineffective assistance of counsel for not arguing that Probation incorrectly calculated Fuller's advisory guideline range in the Presentence Investigation Report ("PSR"); and (6) ineffective assistance of counsel by failing to file a notice of appeal as directed. See id.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a claim's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 320 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6). See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table opinion). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal,

2

556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Fuller's claim that the reckless-endangerment enhancement under U.S.S.G. § 3C1.2 is vague and unconstitutional under Johnson v. United States, 135 S. Ct. 2551 (2015), Fuller failed to raise this claim on direct appeal. Thus, the general rule of procedural default bars Fuller from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Fuller has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); Frady, 456 U.S. at 170; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Alternatively, Fuller's vagueness challenge to section 3C1.2 fails. See Beckles v. United States, 137 S. Ct. 886, 892–97 (2017).

As for Fuller's ineffective-assistance claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial,

3

sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 133, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Fuller must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffectiveness claim, a court may rule on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Fuller's ineffective-assistance claims concerning section 3C1.2, an alleged breach of the plea agreement due to the enhancement under section 3C1.2, and counsel's failure to object to the advisory guideline range in the PSR, Fuller cannot use section 2255 to attack retroactively his

4

advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc); Mikalajunas, 186 F.3d at 495–96. Thus, the claims fail. Alternatively, the claims fail because the court properly applied the enhancement under section 3C1.2, the enhancement under section 3C1.2 did not violate the plea agreement, and the court properly calculated the advisory guideline range. See [D.E. 10] 6–8; PSR [D.E. 13] ¶¶ 4–10, 51, 58. Accordingly, there was no deficient performance or prejudice. See, e.g., Bobby, 558 U.S. at 11–12; Strickland, 466 U.S. at 689–700.

As for Fuller's ineffective-assistance claim for failing to file a motion to suppress and argue that law enforcement violated the Fourth Amendment while investigating Fuller, Fuller's claim fails because he pleaded guilty. See, e.g., Haring v. Prosise, 462 U.S. 306, 320–21 (1987); Tollett v. Henderson, 411 U.S. 258, 267 (1973). Alternatively, counsel's failure to file a motion to suppress did not reflect deficient performance or prejudice given the weakness of such a Fourth Amendment claim, the weight of the evidence against Fuller (PSR ¶¶ 4–11), and the favorable plea agreement counsel negotiated. See, e.g., Strickland, 466 U.S. at 689–700; see also Premo v. Moore, 562 U.S. 115, 123–32 (2011); Knowles v. Mirazayance, 556 U.S. 111, 127–28 (2009); Morva v. Zook, 821 F.3d 517, 528–32 (4th Cir. 2016); Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009).

As for Fuller's claim concerning advice he received regarding forfeiture of the firearms, that advice falls comfortably within the wide range of professionally competent representation due to the favorable plea agreement. See [D.E. 10]; cf. Bobby, 558 U.S. at 11–12; Premo, 562 U.S. at 123–32; Knowles, 556 U.S. at 127–28; Strickland, 466 U.S. at 690–700; Morva, 821 F.3d at 528–32. Moreover, and in any event, the court did not enter a forfeiture order. Thus, there was no prejudice.

5

Finally, Fuller contends that his trial counsel was ineffective by failing to file a notice of appeal as directed. Fuller has stated a claim. See United States v. Tidd, 582 F. App'x 242, 242 (4th Cir. 2014) (per curiam) (unpublished); Davis v. Zahradnick, 600 F.2d 458, 459–60 (4th Cir. 1979) (per curiam). Accordingly, the court directs Magistrate Judge Gates to hold an evidentiary hearing on this claim and to issue a memorandum and recommendation. See Memorandum and Recommendation, Diaz v. United States, Nos. 7:09-CR-100-D-3, 7:11-CV-43-D, [D.E. 310] (E.D.N.C. Nov. 12, 2014) (unpublished), adopted, 2014 WL 7384974 (E.D.N.C. Dec. 29, 2014) (unpublished); Rahman v. United States, Nos. 7:08-CR-126-D, 7:10-CV-69-D, 2013 WL 5222160 (E.D.N.C. Aug. 27, 2013)(unpublished), adopted, 2013 WL 5230610 (E.D.N.C. Sept. 16, 2013) (unpublished).

II.

In sum, the court GRANTS in part and DENIES in part the government's motion to dismiss [D.E.24] and DISMISSES Fuller's section 2255 motion [D.E. 20] except for his ineffective-assistance claim concerning trial counsel's alleged failure to file a notice of appeal as directed. The court refers that single claim to Magistrate Judge Gates for a prompt evidentiary hearing and memorandum and recommendation.

SO ORDERED. This 12 day of April 2017.

JAMES C. DEVER III
Chief United States District Judge