IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-16-D
No. 5:16-CV-273-D

| | |
|---|---|
| WESLEY RUSSELL FULLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 17, 2016, Wesley Russell Fuller ("Fuller" or "petitioner") filed a motion to vacate, set aside, or correct his 132-month sentence pursuant to 28 U.S.C. § 2255 [D.E. 20]. On July 15, 2016, the government moved to dismiss the motion for failure to state a claim upon which relief can be granted [D.E. 24] and filed a memorandum in support [D.E. 25]. On April 12, 2017, the court granted in part the government's motion to dismiss, dismissed all of Fuller's claims except one, and referred Fuller's ineffective-assistance claim concerning the alleged failure to file a notice of appeal to Magistrate Judge Gates for an evidentiary hearing and a memorandum and recommendation ("M&R"). See [D.E. 29]. On October 24, 2017, Judge Gates held an evidentiary hearing. See Tr. [D.E. 52]. On February 2, 2018, Judge Gates issued a comprehensive M&R [D.E. 56]. In that M&R, Judge Gates recommended that the court dismiss Fuller's failure-to-file-appeal-instruction claim and Fuller's newly-raised failure-to-consult claim. See id. at 2–25. Neither party objected to the M&R.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations

to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the entire record, including the M&R, the transcripts, and the briefs. There is no clear error on the face of the record, and the court adopts the finding and conclusions in the M&R [D.E. 56].

After reviewing the claims presented in Fuller's motion, the court finds that reasonable jurists would not find the court's treatment of Fuller's claims debatable or wrong, and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court ADOPTS the findings and conclusions in the M&R [D.E. 56] and DISMISSES Fuller's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 20]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This ⎯⎯ day of February 2018.

JAMES C. DEVER III
Chief United States District Judge

2